**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF TEXAS

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Eagle Valley Minerals, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-1283790** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **13413 Galleria Circle, Suite Q-100**<br>**Austin, TX 78738**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Travis**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **https://www.eaglevalleyenergy.com/**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Eagle Valley Minerals, LLC**                                      Case number (*if known*) _____
     Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2131

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

  ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ■ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **Eagle Valley Minerals, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | Relationship | |
|---|---|---|---|
| District | | Case number, if known | |
| | When | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☒ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

Debtor  **Eagle Valley Minerals, LLC**  Case number (*if known*) _____
Name

| | | |
|---|---|---|
| ☐ $50,001 – $100,000 | ☐ $10,000,001 – $50 million | ☐ $1,000,000,001 – $10 billion |
| ☐ $100,001 – $500,000 | ☐ $50,000,001 – $100 million | ☐ $10,000,000,001 – $50 billion |
| ■ $500,001 – $1 million | ☐ $100,000,001 – $500 million | ☐ More than $50 billion |

| Debtor | **Eagle Valley Minerals, LLC** | Case number (*if known*) | |
| | Name | | |

| **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 27, 2023**
MM / DD / YYYY

**X** /s/ Gary Barton                          Gary Barton
Signature of authorized representative of debtor            Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** /s/ Tom A. Howley                       Date **January 27, 2023**
Signature of attorney for debtor                         MM / DD / YYYY

**Tom A. Howley**
Printed name

**Howley Law PLLC**
Firm name
**Pennzoil Place - South Tower**
**711 Louisiana Street, Ste. 1850**
**Houston, TX 77002**

Number, Street, City, State & ZIP Code

Contact phone   **(713) 333-9125**      Email address   **tom@howley-law.com**

**24010115 TX**
Bar number and State

| Debtor | **Eagle Valley Minerals, LLC** | Case number (*if known*) | |
| | Name | | |

---

| **Fill in this information to identify your case:** |
| --- |

United States Bankruptcy Court for the:

WESTERN DISTRICT OF TEXAS

Case number (*if known*) _____  Chapter  __**11**__

☐ Check if this an
amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **Eagle Valley Development, LLC** | | | Relationship to you | **Affiliated Entity** |
| --- | --- | --- | --- | --- | --- |
| District | **Western District of Texas** | When | 01/27/2023 | Case number, if known | 23-10035 |
| Debtor | **Eagle Valley Energy Partners, LLC** | | | Relationship to you | **Affiliated Entity** |
| District | **Western District of Texas** | When | 01/27/2023 | Case number, if known | 23-10034 |
| Debtor | **Eyrie Holdings, LLC** | | | Relationship to you | **Affiliated Entity** |
| District | **Western District of Texas** | When | 01/27/2023 | Case number, if known | |
| Debtor | **Eyrie Mineral Holdings, LP** | | | Relationship to you | **Affiliated Entity** |
| District | **Western District of Texas** | When | 01/27/2023 | Case number, if known | |

**OMNIBUS WRITTEN CONSENT OF THE (I) BOARD OF MANAGERS
AND MANAGEMENT OF EAGLE VALLEY ENERGY PARTNERS, LLC AND (II) THE
SOLE MEMBER AND GENERAL PARTNER OF ITS SUBSIDIARIES**

**Dated effective January 25, 2023**

The undersigned, being (i) the members of the Board of Managers (the "***Board***") of Eagle Valley Energy Partners, LLC ("***EVEP***"), (ii) senior management ("***Management***") of EVEP, (iii) EVEP, as the sole member (the "***Sole Member***") of each of Eagle Valley Minerals, LLC ("***EVM***"), Eyrie Holdings, LLC ("***EH***"), and Eagle Valley Development, LLC ("***EVD***"), and (iv) EVM, as the general partner (the "***General Partner***") of Eyrie Mineral Holdings, LP ("***EMH***" and, together with EVM, EH, and EVD, the "***Subsidiaries***" and, together with EVEP, the "***Company***") each hereby consent to the following actions and adopt the following resolutions with respect to EVEP and each of the Subsidiaries in lieu of a meeting, effective as of the date hereof.

WHEREAS, the Board, Management, the Sole Member, and the General Partner have reviewed (i) the historical performance of the Company, (ii) the recent arbitration award to Halliburton Energy Services, Inc., (iii) the Company's current operations, (iv) the Company's current liquidity and capital needs and (v) the current and long-term liabilities of the Company; and

WHEREAS, the Company is unable to obtain financing from any sources commensurate with the prepetition secured loan, debtor in possession financing, and exit financing being offered by AB Eagle Holdings, LLC, a Delaware limited liability company ("***Lender***");

WHEREAS, after consultation with counsel to the Company, Management has recommended to the Board, the Sole Member, and the General Partner that the Company file chapter 11 cases and obtain financing from Lender to protect the assets and properties of the Company and to preserve the value of the Company for the benefit of their creditors, stockholders and other interested parties and have requested the approval of the Board to make such filing;

WHEREAS, the Board, the Sole Member, and the General Partner have reviewed and considered the materials presented by Management and the Company's legal advisors regarding the liabilities and liquidity of the Company, the alternatives available to it, and the impact of the foregoing on the Company's business;

WHEREAS, the Board, the Sole Member, and the General Partner have had the opportunity to consult with Management and the Company's legal advisors and fully consider each of the alternatives available to the Company;

WHEREAS, the Company has retained Gary Barton of Riveron Management Services, LLC ("***Riveron***") to serve as Chief Restructuring Officer for the Company, subject to the terms and conditions of the retainer letter dated December 15, 2022.

Filing and Prosecution of Chapter 11 Cases

RESOLVED, that EVEP and each Subsidiary file or cause to be filed voluntary petitions (the "*Chapter 11 Petitions*") seeking relief (the "*Chapter 11 Cases*") under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"); and it is further

RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, each of the executive officers of the Company, including the Chief Restructuring Officer ( (collectively, the "*Authorized Officers*") is authorized and directed to seek approval of an order or orders authorizing the incurrence of postpetition debtor-in-possession financing from the Lender, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement such orders, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Lender and each other agreement, instrument, or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof, subject to Bankruptcy Court approval; provided, however, that the following members of the Board have abstained from voting on this resolution: Michael Land, Cody Richards, and Petter Stensland; and it is further

RESOLVED, that the Authorized Officers be, and each hereby is, authorized and directed to execute and verify the Chapter 11 Petitions and to cause the same to be filed in the United States Bankruptcy Court for the Western District of Texas (the "*Bankruptcy Court*"), in such form and at such time as such Authorized Officer(s) shall determine; and it is further

RESOLVED, that the form, terms and provisions of the plan of reorganization are hereby authorized and approved, and that the Authorized Officers be, and each of them hereby is, authorized and directed, for and in the name and on behalf of the Company, to cause to be filed with the Bankruptcy Court (or direct others to do so on behalf of the Company as provided herein) such documents together with the Chapter 11 Petitions, or at such time as is reasonably practicable after the filing of the Chapter 11 Petitions; and it is further

RESOLVED, that all first day motions, as may be determined to be advisable by Management and/or the Chief Restructuring Officer, are hereby authorized and approved, and the Authorized Officers be, and each of them hereby is, authorized and directed, for and in the name and on behalf of the Company, to cause to be filed with the Bankruptcy Court (or direct others to do so on behalf of the Company as provided herein) such motions together with the Chapter 11 Petitions, or at such time as is reasonably practicable after the filing of the Chapter 11 Petitions; and it is further

RESOLVED, that the Authorized Officers be, and each hereby is, authorized to execute and file (or direct other to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, motions for use of cash collateral, financing agreements and security agreements and related documents, stipulations as needed under all sections of the Bankruptcy Code, a plan of reorganization and other papers in connection with the chapter 11 cases; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that the Company is authorized, empowered and directed to retain the law firm of Howley Law PLLC ("***Howley Law***") as bankruptcy counsel to represent and assist the Company and its Subsidiaries in carrying out their duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's and the Subsidiaries' rights in connection therewith, and the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy petition, and to cause to be filed an appropriate application for authority to retain the services of Howley Law; and it is further

RESOLVED, that the Chief Restructuring Officer is authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Chief Restructuring Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 cases, including, but not limited to post-petition financing, a sale of the Company's and Subsidiaries' assets, the development, filing and prosecution to confirmation of a chapter 11 plan; and it is further

RESOLVED, that any and all actions heretofore taken by the Company or Chief Restructuring Officer in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects; and it is further

<u>General Authorizing Resolutions for Chapter 11</u>

RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is authorized and directed, in the name of and on behalf of the Company, under the corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete a chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED, that all authorized acts, transactions or agreements undertaken prior to the adoption of these resolutions by any officer of the Company in connection with the foregoing matters are hereby authorized, approved, ratified, confirmed and adopted as the acts of the Company; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to certify and attest any documents or materials which they deem necessary, desirable or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of the signature or attestation of any other officer of the affixing of any seal of the Company; and it is further

Omnibus Resolutions

RESOLVED, that any of the Authorized Officers be, and each of them hereby is, authorized (i) to prepare, execute, deliver and perform, as the case may be, such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, (ii) to pay or cause to be paid on behalf of the Company any related costs and expenses and (iii) to take such other actions, in the name and on behalf of the Company, as each such officer, in his or her discretion, shall deem necessary or advisable to complete and effect the foregoing transactions or to carry out the intent and purposes of the foregoing resolutions and the transactions contemplated thereby, the preparation, execution, delivery and performance of any such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, the payment of any such costs or expenses and the performance of any such other acts shall be conclusive evidence of the approval of the Board thereof and all matters relating thereto; and it is further

RESOLVED, that all actions heretofore taken by the officers and directors of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed.

IN WITNESS HEREOF, and subject to the abstentions noted herein, the undersigned execute this written consent to be effective as of January 25, 2023.

**[Signature Pages Follow}**

**BOARD OF MANAGERS**

_____
Petter Stensland


_____
Cody Richards


_____
Michael Land


_____
Matthew J. Telfer


_____
Jonathan J. Nash


**[Signatures Continue on Next Page]**

**BOARD OF MANAGERS**

_____
Petter Stensland

_____
Cody Richards


_____
Michael Land


_____
Matthew J. Telfer


_____
Jonathan J. Nash


**[Signatures Continue on Next Page]**

**BOARD OF MANAGERS**

_____
Petter Stensland


_____
Cody Richards

_____
Michael Land


_____
Matthew J. Telfer


_____
Jonathan J. Nash

**[Signatures Continue on Next Page]**

**BOARD OF MANAGERS**

_____

Petter Stensland


_____

Cody Richards


_____

Michael Land


_____

Matthew J. Telfer


_____

Jonathan J. Nash


**[Signatures Continue on Next Page]**

_____

Petter Stensland


_____

Cody Richards


_____

Michael Land


_____

Matthew J. Telfer


_____

Jonathan J. Nash


**[Signatures Continue on Next Page]**

**EAGLE VALLEY ENERGY PARTNERS, LLC,** on behalf of itself and as Sole Member of each of Eagle Valley Minerals, LLC, Eyrie Holdings, LLC, and Eagle Valley Development, LLC

By: _____

Name: MATTHEW J. TELFER

Title: CHIEF EXECUTIVE OFFICER

[Signatures Continue on Next Page]

**EAGLE VALLEY MINERALS, LLC**, as General Partner of Eyrie Mineral Holdings, LP

By: Eagle Valley Energy Partners, LLC
Its: Sole Member

By: _____
Name:
Title:  MATTHEW J. TELFER
       CHIEF EXECUTIVE OFFICER

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1], with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007 and 1009 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

The Debtors submit these *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements of Financial Affairs* (the "Global Notes"), which pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (if such statements are prepared). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, includes: Eagle Valley Energy Partners, LLC (5181); Eagle Valley Development, LLC (0604); Eyrie Mineral Holdings, LP (7804); Eagle Valley Minerals, LLC (3790); and Eyrie Holdings, LLC (3103). The location of Debtor Eagle Valley Energy Partners, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 13413 Galleria Circle, #Q-100, Austin, TX 78738

(including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

**Gary Barton,** Chief Restructuring Officer, has signed each of the Schedules and Statements. Mr. Barton is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Barton necessarily has relied upon the efforts, statements, and representations of various personnel involved in the Debtors' businesses and their advisors as well as Debtors' books and records. Mr. Barton has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

**<u>Reservation of Rights.</u>** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("<u>Claim</u>") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

**<u>Description of Cases and "As of" Information Date</u>**. On **(date)** (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The asset and liability information provided herein represents the asset and liability data of the Debtors as of October 31, 2022 except as otherwise noted.**

2

To timely close the books and records of the Debtors as of October 31, 2022 the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, as well as reported revenues and expenses. Actual amounts could differ, including with respect to claims that have been satisfied or otherwise resolved since the October 31, 2022 (including with respect to payments authorized by the Bankruptcy Court), and the Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenues and expenses to reflect changes in those estimates and assumptions.

**Amendment.** Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Thus, the Debtors reserve all rights, but shall not be required to, to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation.** For financial reporting purposes, the Debtors historically prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a nonconsolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or at any time prior to the Petition Date.

**Accounts Payable and Disbursement System.** The Debtors utilize a cash management payable and disbursement system in their day-to-day operations, the effect of which, in part, is that certain accounts payable and or payment detail may not be readily available on a legal entity basis. Although reasonable efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve their right to modify or amend the Schedules and Statements to attribute such payable to a different legal entity, if appropriate. Payments made are listed by the entity making such payment, notwithstanding that certain of such payments may have been made on behalf of another entity.

**Intercompany Claims and Transfers.** Receivables and payables among the Debtors in these cases (each an "Intercompany Receivable" or "Intercompany Payable") are reported in the Schedules. To the extent that a Debtor owes an Intercompany Payable, it is reported on Schedule E/F as a claim of such Debtor. To the extent a Debtor has an Intercompany Receivable, it is reported on Schedule A/B as an asset of such Debtor. While the Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The Debtors reserve all of their rights with respect to the intercompany balances listed in the Schedules and Statements, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the Debtors.

3

The Debtors have listed all Intercompany Payables as unsecured nonpriority claims on Schedule E/F for each applicable Debtor, but reserve their rights to later change the characterization, classification, categorization, or designation of such claims.

**Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements has been redacted intentionally due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Any redactions will be limited to only what is necessary to protect the Debtors or third party and Debtors will provide interested parties with sufficient information to discern the nature of the listing.

**Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

**Current Market Value and Net Book Value.**  In many instances, current market valuations are neither maintained by nor readily ascertainable by the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily ascertainable. Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values rather than current market values and may not reflect the net realizable value. For this reason, amounts ultimately realized will vary, at sometimes materially, from net book value. Additionally, the amount of certain assets and liabilities may be "undetermined," and/or "unknown" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date or that any creditor was secured or unsecured.

**Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections, recoupments, and/or setoffs with respect to the same.

4

**Real Property and Personal Property–Leased.**   In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, minerals, or other real property interests and equipment from third-party lessors for use in the daily operation of their businesses. Any known pre-petition obligations of the Debtors pursuant to the same have been listed on Schedule E/F. The underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state law, on Schedule A/B. However, nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

**Liabilities**.   The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**Excluded Assets and Liabilities**.   The Debtors may have excluded certain categories of unliquidated assets and liabilities from the Schedules and Statements, including, without limitation, certain accruals, goodwill, de minimis deposits, certain prepaid expenses, accrued liabilities, including, without limitation, tax accruals, and accrued accounts payable, and rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

**The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Prepetition liabilities which have been paid postpetition or those which the Debtors plan to pay via this authorization may have been excluded from the Schedules and Statements.**

**Insiders**.   For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, does not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority

of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

**Executory Contracts and Unexpired Leases**.  Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Moreover, the Debtors may not set forth all executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

**Umbrella or Master Service Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master service agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. These master service agreements may have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

**Classification.** Listing a: (i) Claim on Schedule D as "secured," (ii) Claim on Schedule E as "priority," (iii) Claim on Schedule F as "unsecured priority," or (iv) contract or lease on Schedule G  as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. In addition, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize or redesignate Claims, assets, liabilities, executory contracts, unexpired leases and other items reported in the Schedules and Statements at a later time, as necessary or appropriate, as additional information becomes available.

**Causes of Action**.  Despite their best efforts to identify all known assets, the Debtors may not have set forth in the Schedules and Statements all of their filed or potential claims and causes of actions against, and potential recoveries from, third parties or the values of any such claims. The Debtors reserve all rights to assert any and all such claims and causes of action, whether or not listed in the Schedules and Statements, and nothing contained in these Global Notes, the Schedules or Statements shall constitute a waiver of any such claims or causes of action, or in any way prejudice or impair the assertion of such claims or causes of action.

**Claims Description.**  Any failure to designate a Claim on the Schedules as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" and/or "unliquidated." The Debtors reserve their rights to: (i) dispute, or assert offsets or defenses to, any Claim reflected on the Schedules on any grounds, including, but not limited to, amount, liability, priority, status, description or classification, or (ii) amend the Schedules to add one or more of the above-referenced designations to any Claim.

6

Claim amounts that could not be readily quantified by the Debtors are scheduled as "undetermined", "unknown" or "unliquidated." The description of an amount as such is not intended to reflect upon the materiality of such amount.

**Guarantees and Other Secondary Liability Claims.**  The Debtors have used their reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements. The Debtors' review of their contracts in such regard is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were additionally placed on Schedule D or Schedule E/F, as appropriate, for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right, but shall not be required, to amend the Schedules and Statements to recharacterize or reclassify any such contract, lease, claim, or Guarantee.

**Totals.**  All totals that are included in the Schedules represent totals of all known amounts included in the Debtors' books and records. To the extent that there are undetermined or unknown amounts, and to the extent that the Debtors made post-petition payments on prepetition claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different from the listed total.

**Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Intercompany Transactions.**  In the ordinary course of business, the Debtors engage in routine business relationships with each other (the "Intercompany Transactions") resulting in intercompany receivables and payables (the "Intercompany Claims"), which are described more fully in the Debtors' first day cash management motion. Any intercompany receivables or payables that would result from such activity are included on Schedule B as an asset or on Schedule F as a liability.  The Statements in Part 2 (Transfers) do not address those transactions which are reflected as book entries in Debtors' financials.

**Setoffs**.  The Debtors periodically incur certain setoffs or recoupments in the ordinary course of business. Setoffs and recoupments in the ordinary course can result from various items including, but not limited to, transportation and marketing costs, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes or agreements between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly

7

for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

**Specific Notes.** These Global Notes are in addition to the specific notes set forth below. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

**Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

**Fiscal Year.** Each Debtor's fiscal year ends on December 31, 2022.

**Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

### Schedule A/B: Assets – Real and Personal Property.

**Personal Property**. Personal property owned by any of the Debtors is listed in the Schedule A/B for that individual Debtor.

Part 1: Cash and cash equivalents. The cash values held in the financial accounts listed on Schedule A/B are all as of January 13, 2023.

Part 2: Deposits and Prepayments. The Debtors maintain certain insurance policies and other prepaid related expenses. The Debtors have identified the related prepaid amounts for these matters.

Part 3: Accounts Receivable. The account receivable balances for Joint Interest Billings, Joint Interest Billings Gross, Joint Interest Billings Clearing and Joint Interest Billings Cash Calls, have all been reflected as one entry and netted against each other.

Part 8: Machinery, equipment, and vehicles. There may be certain machinery and equipment assets for which the value is included in Part 9: Real Property or certain assets with a net book value of zero which are not set forth on in Part 8: Machinery, equipment, and vehicles.

Part 9: Real Property. The Debtors interest in certain oil and gas wells, a salt water disposal well, mineral rights, overriding royalty interests as well as active term leases and leases held by production are reflected on Part 9. Note that the Debtors only own the percentage of lease as reflected in the county that the lease was recorded. The Debtors have not made any determination as to the percentage ownership reflected in these schedules.

Part 10: Intangibles and intellectual property. The Debtors own certain URLs and other intellectual property that have little to no cash value and may not have included all of them in their response to Schedule A/B.

Part 11: All other assets, Item 72. The Debtors are members of an affiliated group of corporations that file a consolidated U.S. federal income tax return.

**Schedule D – Creditors Holding Secured Claims.** The values listed on Schedule D are all as of the petition date. Additionally, except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is, or becomes, final, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.

The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions in Schedule D are intended to be only a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

Real property lessors, utility companies, and other parties that may hold security deposits may not have been listed on Schedule D. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights; deposits posted by, or on behalf of, the Debtors; or inchoate statutory liens rights.

**Schedule E/F – Creditors Who Have Unsecured Claims.** The values listed on Schedule E/F are as of the petition date or unknown.

Part 1: List All Creditors with Priority Unsecured Claims. Listing a claim on Schedule E/F as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under Bankruptcy Code section 507 thereby constituting an unsecured nonpriority claim.

The claims listed on Schedule E/F arose, or were incurred on, various dates and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E/F, however, appear to have arisen, or to have been incurred, on or before the Petition Date.

Part 2: List All Creditors with Nonpriority Unsecured Claims. Pursuant to certain First Day Orders, the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, such as interest holder claims and severance claims. Although not all claims previously paid pursuant to a First Day Order will be listed in the Schedules and Statements, certain of these claims that have been paid may appear in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent that such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as necessary and appropriate.

Listing a claim on Schedule E/F as "unsecured nonpriority" does not constitute an admission by the Debtors of any legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E/F does not constitute an unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule E/F is "subject to setoff" does not constitute an admission by the Debtor of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E/F is not subject to setoff or dispute any claim to such setoff.

The Debtors have attempted to relate all liabilities to the applicable Debtor. However, due to the related nature of the Debtors' businesses, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the Debtors' Schedules for a complete understanding of the unsecured debts of the Debtors.

The Debtors may have certain rights of setoff and/or recoupment with respect to the claims set forth on Schedule E/F. Likewise, creditors may assert similar rights and Debtors reserve all rights to challenge such setoff and/or recoupment rights asserted. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as

10

required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed on Schedule E/F arose, or were incurred, on various dates, and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E/F, however, appear to have arisen, or to have been incurred, prior to the Petition Date.

**Schedule G – Executory Contracts and Unexpired Leases.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing, and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The Debtors may have included certain interests in real or personal property and other interests on Schedule G. The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any agreement listed on Schedule G does not constitute an executory contract within the meaning of Bankruptcy Code section 365.

The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as surety bond agreements, letters of credit, indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract

11

or unexpired lease.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such agreements, if any, may not be set forth in Schedule G.

The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity, which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

**Schedule H: Your Codebtors**.  Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they have not been set forth individually on Schedule H.

Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

## SPECIFIC DISCLOSURES RELATED TO THE DEBTORS' STATEMENTS

**Part 2: Questions 3 & 4.** These disbursements were made from the bank account of the relevant Debtors. The <u>disbursements</u> provided herein represent data as of January 13, 2023. It is possible that some of those disbursements may have been for the benefit of the other Debtors and appropriate Intercompany Transactions may have been recorded in the Debtors' books and records reflecting such transactions.

All amounts that remain outstanding to any creditor listed on Part 2: Questions 3 & 4 are reflected on Schedules D, E, and F, as applicable. Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain intercompany transactions may be accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtors. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedule A/B and Schedule E/F, as applicable.

The listing of a party as an "insider" throughout the Statement and Schedules is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim right, or defense, and all such rights, claims and defenses are hereby expressly reserved.

The Debtors' response includes payments made to such creditors who are or were insiders only to the extent that such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as an insider.

**Part 2: Question 6**. The Debtors routinely incur setoffs and netting of payments during the ordinary course of their business. Setoffs and nettings in the ordinary course can result from various items including transportation and marketing costs, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, and other transaction true-ups. These normal setoffs and nettings are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs. Therefore, normal setoffs and nettings are excluded from the Debtors' responses.

**Fill in this information to identify the case:**

Debtor name    **Eagle Valley Minerals, LLC**

United States Bankruptcy Court for the:    WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration    _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __January 27, 2023__     X _/s/ Gary Barton_____
                                            Signature of individual signing on behalf of debtor

                                            **Gary Barton**
                                            Printed name

                                            **Chief Restructuring Officer**
                                            Position or relationship to debtor

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td><strong>Eagle Valley Minerals, LLC</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td><strong>WESTERN DISTRICT OF TEXAS</strong></td></tr>
<tr><td>Case number (if known):</td><td></td></tr>
</table>

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
                                                                                          **12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **EPA - Region 6 Attn: Bankruptcy Division 1201 Elm Street, Suite 500 Dallas, TX 75270** | | | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Internal Revenue Service Centralized Insolvency Operations P.O. Box 7346 Philadelphia, PA 19101** | | **Taxes** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **TCEQ Attn: BKCY Division P.O. Box 13087 Austin, TX 78711** | | | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Texas Comptroller of Public Accounts Revenue Accounting Div- BK Section P.O. Box 12548, MC-008 Austin, TX 78711** | | **Taxes** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Texas Railroad Commission Enforcement Division Office of General Counsel P.O. Box 12967 Austin, TX 78711** | | | **Contingent Unliquidated Disputed** | | | **$0.00** |

Debtor  **Eagle Valley Minerals, LLC**
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Texas Workforce Commission TWC Building - Regulatory Integrity Div. 101 East 15th Street Austin, TX 78778** | | **Taxes** | **Contingent Unliquidated Disputed** | | | **Unknown** |

**Fill in this information to identify the case:**

Debtor name __**Eagle Valley Minerals, LLC**__

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

| Part 1: | **Summary of Assets** |
|---|---|

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*.........................................................................................  $ _____**0.00**_

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.......................................................................................  $ _____**0.00**_

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*.........................................................................................  $ _____**0.00**_

| Part 2: | **Summary of Liabilities** |
|---|---|

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................  $ _____**830,000.00**_

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................  $ _____**0.00**_

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.................  +$ _____**0.00**_

4. **Total liabilities** ........................................................................................................
    Lines 2 + 3a + 3b      $ _____**830,000.00**_

**Fill in this information to identify the case:**

Debtor name __**Eagle Valley Minerals, LLC**__

United States Bankruptcy Court for the: __WESTERN DISTRICT OF TEXAS__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14.**   **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| **15.**   **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:            % of ownership | | |

| | | % of ownership | | |
|---|---|---|---|---|
| 15.1. | **Eyrie Mineral Holdings, LP** | **1**   % | | **Unknown** |

Debtor  **Eagle Valley Minerals, LLC**
_____  Case number *(If known)* _____
Name

16.     **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
        Describe:

17.     **Total of Part 4.**                                                          | $0.00
        Add lines 14 through 16.  Copy the total to line 83.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
| --- | --- |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
| --- | --- |

54. **Does the debtor own or lease any real property?**

☑ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No.  Go to Part 12.
☐ Yes Fill in the information below.

| Debtor | **Eagle Valley Minerals, LLC** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ..........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Eagle Valley Minerals, LLC** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|---|
| **2.1** | **AB Eagle Holdings, LLC**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**Lien on all Assets** | $830,000.00 | $830,000.00 |
| | **1345 Avenue of the Americas**<br>**New York, NY 10105**<br>Creditor's mailing address | | | |
| | | Describe the lien | | |
| | | Is the creditor an insider or related party?<br>☐ No<br>☑ Yes | | |
| | Creditor's email address, if known | Is anyone else liable on this claim?<br>☐ No<br>☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| | **Date debt was incurred** | | | |
| | **Last 4 digits of account number** | | | |
| | **Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $830,000.00

### Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name __**Eagle Valley Minerals, LLC**__

United States Bankruptcy Court for the: __WESTERN DISTRICT OF TEXAS__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | $0.00 |

**2.1**

Priority creditor's name and mailing address
**Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Total claim **Unknown**   Priority amount $0.00

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

**2.2**

Priority creditor's name and mailing address
**Texas Comptroller of Public Accounts
Revenue Accounting Div- BK Section
P.O. Box 12548, MC-008
Austin, TX 78711**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Total claim **Unknown**   Priority amount $0.00

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

20580

Debtor  **Eagle Valley Minerals, LLC**                                          Case number (if known) _____
         Name

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Unknown | Unknown |
|---|---|---|---|---|

**Texas Workforce Commission**
**TWC Building - Regulatory**
**Integrity Div.**
**101 East 15th Street**
**Austin, TX 78778**

*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|

**EPA - Region 6**
**Attn: Bankruptcy Division**
**1201 Elm Street, Suite 500**
**Dallas, TX 75270**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|

**TCEQ**
**Attn: BKCY Division**
**P.O. Box 13087**
**Austin, TX 78711**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|

**Texas Railroad Commission**
**Enforcement Division**
**Office of General Counsel**
**P.O. Box 12967**
**Austin, TX 78711**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 0.00 |

Debtor  **Eagle Valley Minerals, LLC**
Name

Case number (if known)

**5c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

5c.  $ _____ **0.00**

**Fill in this information to identify the case:**

Debtor name  **Eagle Valley Minerals, LLC**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest  **Security Agreement Dated 1/3/2023** | |
| State the term remaining | |
| List the contract number of any government contract | **AB Eagle Holdings, LLC 1345 Avenue of the Americas New York, NY 10105** |

Official Form 206G                    **Schedule G: Executory Contracts and Unexpired Leases**                    Page 1 of 1

**Fill in this information to identify the case:**

Debtor name     **Eagle Valley Minerals, LLC**

United States Bankruptcy Court for the:     WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                                       12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Eagle Valley Development, LLC** | **13413 Galleria Circle, Suite Q-100 Austin, TX 78738** | **AB Eagle Holdings, LLC** | ■ D __2.1__ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2 | **Eagle Valley Energy Partners LLC** | **13413 Galleria Circle, Suite Q-100 Austin, TX 78738** | **AB Eagle Holdings, LLC** | ■ D __2.1__ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.3 | **Eyrie Holdings, LLC** | **13413 Galleria Circle, Suite Q-100 Austin, TX 78738** | **AB Eagle Holdings, LLC** | ■ D __2.1__ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.4 | **Eyrie Mineral Holdings, LP** | **13413 Galleria Circle, Suite Q-100 Austin, TX 78738** | **AB Eagle Holdings, LLC** | ■ D __2.1__ <br> ☐ E/F _____ <br> ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name  **Eagle Valley Minerals, LLC**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/22**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**  Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2023** to **Filing Date** | ■ Operating a business<br>☐ Other | **$0.00** |
   | **For prior year:**<br>From **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other | **$0.00** |
   | **For year before that:**<br>From **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other | **$0.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:**  List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

| Debtor | **Eagle Valley Minerals, LLC** | Case number *(if known)* | |
|---|---|---|---|

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor   **Eagle Valley Minerals, LLC**    Case number *(if known)*

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

## Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|
| | |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

## Part 9: Personally Identifiable Information

| Debtor | Eagle Valley Minerals, LLC | Case number *(if known)* | |
|---|---|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:**  **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:**  **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a

Debtor **Eagle Valley Minerals, LLC**                          Case number *(if known)* _____

similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

  ☑ No.
  ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

  ☑ No.
  ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

  ☑ No.
  ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
  List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
  Include this information even if already listed in the Schedules.

  ☐ None

| | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|---|
| 25.1. | **Eyrie Mineral Holdings, LP**<br>**13413 Galleria Circle, Suite Q-100**<br>**Austin, TX 78738** | **Oil & Gas Exploration and Development** | EIN:   **85-1767804**<br><br>From-To   **6/1/2020 - present** |

26. **Books, records, and financial statements**
  26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
  ☐ None

| | Name and address | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **Kelli Poole**<br>**2430 Stone Castle Circle**<br>**College Station, TX 77845** | **11/2018-07/2021** |
| 26a.2. | **James A Wilkins**<br>**4006 Eck Lane**<br>**Dripping Springs, TX 78620** | **05/2020-01/2022** |
| 26a.3. | **Laurel Vance**<br>**710 Deer Creek Circle**<br>**Dripping Springs, TX 78620** | **11/2018-Current** |

| Debtor | **Eagle Valley Minerals, LLC** | Case number *(if known)* | |

| Name and address | Date of service From-To |
|---|---|
| 26a.4.    **Jim Griffin**<br>**9687 East Arbor Place**<br>**Englewood, CO 80111** | **1/18/2022-Current** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.    **BDO USA LLP**<br>**515 Congress Ave**<br>**Suite 2600**<br>**Austin, TX 78701** | **10/2020-05/2021** |

| Name and address | Date of service From-To |
|---|---|
| 26b.2.    **Weaver & Tidwell LLP**<br>**2821 West 7th Street**<br>**Fort Worth, TX 76107** | **10/2021-06/2022** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Laurel Vance**<br>**710 Deer Creek Circle**<br>**Dripping Springs, TX 78620** | **11/2018-Current** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address | |
|---|---|
| 26d.1.    **AB Energy Opportunity Fund**<br>**501 Commerce Street**<br>**Nashville, TN 37203** | |
| 26d.2.    **Travelers**<br>**4650 Westway Park Blvd**<br>**Houston, TX 77041** | |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

Debtor    **Eagle Valley Minerals, LLC**                           Case number *(if known)*

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Matthew Telfer | 516 Ladin Lane<br>Austin, TX 78734 | CEO | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Gary Barton | 909 Fannin St, Suite 4000<br>Houston, TX 77010 | Chief Restructuring Officer | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| David T. Martineau | 2907 Navidad Cove<br>Austin, TX 78735 | President | 11/2018-04/2021 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| Mark J. Helmueller | 13413 Galleria Circle<br>Building Q, Suite 100<br>Austin, TX 78738 | General Counsel | 11/2018-11/2022 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|-----------------------------------------------------------|
| Eagle Valley Operating, LLC | EIN:    85-1283790 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|--------------------------|-----------------------------------------------------|

Debtor    **Eagle Valley Minerals, LLC**                                    Case number *(if known)* _____

---

**Part 14:**  Signature and Declaration

---

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 27, 2023**

**/s/ Gary Barton**                                               **Gary Barton**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes

## United States Bankruptcy Court
### Western District of Texas

In re    **Eagle Valley Minerals, LLC**

Debtor(s)

Case No. _____

Chapter    **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Eagle Valley Energy Partners, LLC**<br>**13413 Galleria Circle**<br>**Building Q, Suite 100**<br>**Austin, TX 78738** | | **100%** | **Ownership Interest** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **January 27, 2023**

Signature    **/s/ Gary Barton**

**Gary Barton**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

## United States Bankruptcy Court
### Western District of Texas

In re   **Eagle Valley Minerals, LLC**

Debtor(s)

Case No.

Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **January 27, 2023**

**/s/ Gary Barton**
**Gary Barton**/**Chief Restructuring Officer**
Signer/Title

```
AB Eagle Holdings, LLC
1345 Avenue of the Americas
New York, NY 10105


BDO USA LLP
515 Congress Avenue
Suite 2600
Austin, TX 78701


David T. Martineau
2907 Navidad Cove
Austin, TX 78735


Eagle Valley Development, LLC
13413 Galleria Circle, Suite Q-100
Austin, TX 78738


Eagle Valley Energy Partners LLC
13413 Galleria Circle, Suite Q-100
Austin, TX 78738


EPA - Region 6
Attn: Bankruptcy Division
1201 Elm Street, Suite 500
Dallas, TX 75270


Eyrie Holdings, LLC
13413 Galleria Circle, Suite Q-100
Austin, TX 78738


Eyrie Mineral Holdings, LP
13413 Galleria Circle, Suite Q-100
Austin, TX 78738


Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101


Office of the Attorney General
Bankruptcy Section
PO Box 12548
Austin, TX 78711-2548
```

```
TCEQ
Attn: BKCY Division
P.O. Box 13087
Austin, TX 78711


Texas Comptroller of Public Accounts
Revenue Accounting Div- BK Section
P.O. Box 12548, MC-008
Austin, TX 78711


Texas Railroad Commission
Enforcement Division
Office of General Counsel
P.O. Box 12967
Austin, TX 78711


Texas Workforce Commission
TWC Building - Regulatory Integrity Div.
101 East 15th Street
Austin, TX 78778


United States Attorney
Civil Process Clerk
601 NW Loop 410, Suite 600
San Antonio, TX 78216
```

# United States Bankruptcy Court
## Western District of Texas

In re   **Eagle Valley Minerals, LLC**

Debtor(s)

Case No. _____

Chapter   **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Eagle Valley Minerals, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Eagle Valley Energy Partners, LLC
13413 Galleria Circle
Building Q, Suite 100
Austin, TX 78738**

☐ None [*Check if applicable*]

**January 27, 2023**

Date

**/s/ Tom A. Howley**

**Tom A. Howley 24010115**

Signature of Attorney or Litigant

Counsel for   **Eagle Valley Minerals, LLC**

**HOWLEY LAW PLLC
Pennzoil Place – South Tower
711 Louisiana Street, Suite 1850
Houston, Texas 77002
Phone: 713-333-9125
tom@howley-law.com**